# **Exhibit A**

**GRIFFITH DAVISON**
GRIFFITH DAVISON & SHURTLEFF, P.C.

September 28, 2018

CPIF LENDING, LLC
1910 Fairview Ave. East
Suite 200
Seattle, WA 98102
Attention: Mr. Rob Shields

RE: $32,000,000.00 Loan (the "**Loan**") from CPIF LENDING, LLC, a Washington limited liability company ("**Lender**") to FRISCO WADE CROSSING DEVELOPMENT PARTNERS, LLC, a Texas limited liability company ("**Wade**") and to MCKINNEY EXECUTIVE SUITES AT CRESCENT PARC DEVELOPMENT PARTNERS, LLC, a Texas limited liability company ("**Crescent**") (Wade and Crescent being collectively referred to herein as "**Borrower**"), secured by real property located in Collin County, Texas.

Ladies and Gentlemen:

We have acted exclusively as counsel to Borrower, Phillip Carter, an individual residing in the State of Texas ("**Individual Guarantor**"), Phillip Carter as Trustee of the PC Legacy Three Trust under Trust Agreement dated October 12, 2015 ("**PC Three Guarantor**"), and Phillip Carter as Trustee of the PC Legacy Four Trust under Trust Agreement dated October 12, 2015 ("**PC Four Guarantor**", and together with Individual Guarantor and PC Three Guarantor, are sometimes collectively referred to herein as "**Guarantor**") in connection with the Loan. We have been requested by Borrower, Individual Guarantor, PC Three Guarantor, and PC Four Guarantor to render this Opinion Letter to Lender in connection with the Loan. The law covered by the opinions set forth in this Opinion Letter is expressly limited to the law of the State of Texas (the "**State**") and the federal law of the United States, applicable to the Loan Documents and the Loan ("**Federal Law**").

## I.
## BACKGROUND

1.1 **Documents Reviewed**. For purposes of rendering the opinions set forth in this Opinion Letter, we have examined copies of the following documents relating to the Loan, all of which were dated September 27, 2018 (the "**Effective Date**"), unless otherwise specifically indicated herein:

(a) Promissory Note (the "**Note**"), dated the Effective Date made by Borrower to the order of Lender in the amount of the Loan.

**CPIF LENDING, LLC**
September 28, 2018
Page 2

(b) Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "**Deed of Trust**"), dated the Effective Date, from the Borrower for the benefit of the Lender as security for the Note.

(c) Assignment of Leases and Rents (the "**Assignment of Leases**"), dated the Effective Date, from the Borrower for the benefit of the Lender.

(d) Construction Loan Agreement (the "**Loan Agreement**"), dated the Effective Date, by and between Borrower and Lender.

(e) Deposit Account Security Agreement (the "**Account Agreement**"), dated the Effective Date, by and between Borrower and Lender.

(f) Pledge Agreement (the "**Crescent Pledge**"), dated the Effective Date, from the PC Four Guarantor for the benefit of the Lender.

(g) Pledge Agreement (the "**Wade Pledge**", and together with the Crescent Pledge, collectively, the "**Pledge**"), dated the Effective Date, from the PC Three Guarantor for the benefit of the Lender.

(h) Payment and Performance Guaranty (the "**Guaranty**"), dated the Effective Date, executed by Individual Guarantor, PC Three Guarantor and PC Four Guarantor, for the benefit of Lender.

(i) Environmental Indemnity Agreement (the "**Environmental Indemnity Agreement**"), dated the Effective Date, executed by Borrower, Individual Guarantor, PC Three Guarantor and PC Four Guarantor, for the benefit of Lender.

(j) UCC Financing Statements from Borrower providing the name of Borrower as the debtor and providing the name of Lender as the secured party intended to be recorded in the real property records of the Recording Office (hereinafter defined) (the "**Fixture Filing**").

(k) UCC Financing Statement providing the name of Borrower as the debtor and providing the name of Lender as the secured party intended to be recorded in the Office of the Secretary of State of the State.

For purposes of rendering the opinions set forth in this Opinion Letter, we have also examined copies of the following documents relating to Borrower, PC Three Guarantor and PC Four Guarantor:

(l) Certificate of Formation of Wade dated October 12, 2015.

(m) Certificate of Formation of Crescent dated October 12, 2015.

11544824 v6

**CPIF LENDING, LLC**
September 28, 2018
Page 3

      (n)    Company Agreement of Wade dated October 12, 2015, as amended pursuant to First Amendment to Company Agreement of Wade dated the Effective Date.

      (o)    Company Agreement of Crescent dated October 20, 2015, as amended pursuant to First Amendment to Company Agreement of Crescent dated the Effective Date.

      (p)    Trust Agreement for PC Legacy Three Trust dated October 12, 2015.

      (q)    Trust Agreement for PC Legacy Four Trust dated October 12, 2015.

The Note, Deed of Trust, Assignment of Leases, Loan Agreement and Account Agreement are collectively referred to in this Opinion Letter as the "**Loan Documents**." The Guaranty, Pledge and Environmental Indemnity Agreement are collectively referred to in this Opinion Letter as the "**Guarantor Documents**." The Deed of Trust, the Assignment of Leases, the Account Agreement and the Pledge are collectively referred to in this Opinion Letter as the "**Security Documents**." The Loan Documents and Guarantor Documents are collectively referred to in this Opinion Letter as the "**Transaction Documents**." The writings identified in the foregoing clauses (j) and (k), inclusive, are collectively referred to herein as the "**Financing Statements**". The documents listed in items (l) – (q) of this Section 1.1 are collectively referred to in this Opinion Letter as the "**Authority Documents**." Except as otherwise specifically indicated herein to the contrary, capitalized terms used in this Opinion Letter are defined as set forth on Exhibit A attached to this Opinion Letter and made a part hereof for all purposes.

    1.2    **Scope of Review**. In connection with the opinions set forth in this Opinion Letter, we have limited the scope of our review to copies of the Transaction Documents and Authority Documents.

## II.
## OPINIONS

Subject to the applicable definitions, assumptions, qualifications, limitations, and exclusions set forth in this Opinion Letter, we are of the opinion that:

    2.1    **Status**. Wade is a limited liability company, duly organized, validly existing and in good standing in the State. Crescent is a limited liability company, duly organized, validly existing and in good standing in the State.

    2.2    **Authorization**. All actions or approvals by Borrower, and its members, necessary to bind Borrower under the Transaction Documents to which Borrower is a Party have been taken or obtained. All actions or approvals by Individual Guarantor, PC Three Guarantor and PC Four Guarantor necessary to bind Individual Guarantor, PC Three Guarantor and PC Four Guarantor under the Guarantor Documents have been taken or obtained.

    2.3    **Enforceability**. The Transaction Documents to which Borrower is a party are the legal, valid and binding obligations of Borrower, enforceable against Borrower in accordance with

11544824 v6

**CPIF LENDING, LLC**
September 28, 2018
Page 4

their respective terms. The Guarantor Documents are the legal, valid and binding obligations of Individual Guarantor, PC Three Guarantor and PC Four Guarantor, enforceable against Individual Guarantor, PC Three Guarantor and PC Four Guarantor in accordance with their respective terms.

2.4     **Power and Authority**. Borrower has the requisite limited liability company power and authority to execute, deliver and perform Borrower's obligations under the Transaction Documents to which Borrower is a party. Individual Guarantor has the requisite power and authority to execute, deliver and perform Individual Guarantor's obligations under the Guarantor Documents. PC Three Guarantor has the requisite power and authority to execute, deliver and perform PC Three Guarantor's obligations under the Guarantor Documents. PC Four Guarantor has the requisite power and authority to execute, deliver and perform PC Four Guarantor's obligations under the Guarantor Documents.

2.5     **Execution and Delivery**. The Transaction Documents to which Borrower is a party have been duly executed and delivered by Borrower. The Guarantor Documents have been duly executed and delivered by Individual Guarantor, PC Three Guarantor and PC Four Guarantor (as applicable).

2.6     **Conflicts**. The execution and delivery by Borrower of the Transaction Documents to which Borrower is a party does not (a) conflict with or violate any provision of the Authority Documents of Borrower or (b) conflict with or violate any applicable law, rule, or regulation or ordinance. The execution and delivery by Individual Guarantor of the Guarantor Documents does not conflict with or violate any applicable law, rule, or regulation or ordinance. The execution and delivery by PC Three Guarantor of the Guarantor Documents does not (a) conflict with or violate any provision of the Authority Documents of PC Three Guarantor or (b) conflict with or violate any applicable law, rule, or regulation or ordinance. The execution and delivery by PC Four Guarantor of the Guarantor Documents does not (a) conflict with or violate any provision of the Authority Documents of PC Four Guarantor or (b) conflict with or violate any applicable law, rule, or regulation or ordinance.

2.7     Each of the Deed of Trust, the Assignment of Leases and the Fixture Filing (collectively, the "**Real Estate Documents**") is in proper form for recordation in the Office of the County Clerk's Office for Collin County, Texas ("**Recording Office**").

2.8     Upon the due recording of the Deed of Trust in the real property records of the Recording Office, (a) Lender will have a perfected lien on the real property described in the Deed of Trust, (b) the Deed of Trust will constitute constructive notice to third parties of such lien of the Deed of Trust and no other filing or recording is required to create, or to publish public notice of, such lien.

2.9     The Deed of Trust is in proper form for a record of the Deed of Trust to be effective as a financing statement filed as a fixture filing under the UCC.

2.10    Subject to the giving of value by Lender to Borrower, upon the due filing of the Fixture Filing in the real property records of the Recording Office, Lender will have a perfected

11544824 v6

**CPIF LENDING, LLC**
September 28, 2018
Page 5

security interest in the fixtures and goods that are or are to become fixtures covered by the Deed of Trust.

2.11 The Deed of Trust is in sufficient form to create, upon the due execution thereof by Borrower and the giving of value to Borrower by Lender, a security interest in that portion of the property described in the Deed of Trust that is owned by Borrower and is reasonably identified in the Deed of Trust and in which a security interest can be created pursuant to Article 9 of the UCC.

2.12 The payment of any interest as provided in the Transaction Documents does not violate the usury laws of the State. 2.11 There are no recording taxes, documentary stamp taxes or mortgage taxes due and payable under the laws of the State in connection with the recording of the Real Estate Documents in the State.

2.13 Other than the filing of the Financing Statements with the Secretary of State of the State and the recording of the Real Estate Documents, no consent, approval or authorization of, or any filing with, any governmental authority is required in connection with the execution, delivery and performance by Borrower or Guarantor of the Transaction Documents.

2.14 The execution and delivery of the Transaction Document and the performance by Borrower and Guarantor, as applicable, of their respective obligations thereunder do not constitute a default under and are not in conflict with any other mortgage, deed of trust or lease to which Borrower or Guarantor is a party or to which either or both is bound.

2.15 We are not aware of any action, suit or proceeding before any court, public board government agency or arbitrator which challenges the validity or enforceability of the transaction contemplated by the Transaction Documents or the ability of Borrower or Guarantor to perform their respective obligations.

2.16 Subject to the giving of value by Lender to Borrower, upon the due execution of the Deed of Trust by Borrower and the due filing of the Financing Statements, naming Borrower as debtor, in the office of the Secretary of State of the State, Lender will have a perfected security interest in the Collateral (as hereinafter defined) if and to the extent that (i) perfection of a security interest in such Collateral may be accomplished by filing, in such office, a financing statement pursuant to the UCC and (ii) Borrower has rights in the Collateral or the power to transfer rights in the Collateral to Lender as secured party. The term "Collateral" as used in this Paragraph 2.19 is defined as that portion of the Property (as defined in the Deed of Trust) that is owned by Borrower and is reasonably identified in the Deed of Trust and in which a security interest can be created pursuant to Article 9 of the UCC.

2.17 With respect to the Crescent Pledge, upon Lender acquiring possession of the Pledged Securities (as defined in the Crescent Pledge), and the giving of value by Lender, Lender will have a perfected security interest in the Collateral (as defined in the Crescent Pledge), Lender will have control of such Collateral, and Lender will acquire a perfected security interest in such Collateral free of any adverse claim.

11544824 v6

**CPIF LENDING, LLC**
September 28, 2018
Page 6

2.18   With respect to the Wade Pledge, upon Lender acquiring possession of the Pledged Securities (as defined in the Wade Pledge), and the giving of value by Lender, Lender will have a perfected security interest in the Collateral (as defined in the Wade Pledge), Lender will have control of such Collateral, and Lender will acquire a perfected security interest in such Collateral free of any adverse claim.

### III.
### ASSUMPTIONS, EXCLUSIONS & QUALIFICATIONS

Notwithstanding any provision in this Opinion Letter to the contrary, each and every opinion contained in this Opinion Letter is subject to the additional assumptions, exclusions and qualifications contained in this Article III.

3.1   **Assumptions**.  In rendering the opinions set forth above, we have relied with your consent, and without investigation or analysis, upon the assumptions set forth below:

(a)   Any Borrower, Individual Guarantor, PC Three Guarantor, or PC Four Guarantor, respectively, who is a natural person, and natural persons who execute any documents in connection with the Loan on behalf of any of such entities, have sufficient legal capacity to enter into and perform the Loan and to carry out their respective role in connection therewith.

(b)   Each party to the Loan (other than Borrower, Individual Guarantor, PC Three Guarantor and PC Four Guarantor) has (i) satisfied those legal requirements that are applicable to such party to the extent necessary to make the Loan Documents and Guarantor Documents enforceable against that party, (ii) complied with all legal requirements pertaining to that party's status as such status relates to that party's rights to enforce the Loan Documents and Guarantor Documents and (iii) duly executed and delivered the Loan Documents and Guarantor Documents, to which it is a party.

(c)   Each document (including, without limitation, each of the Loan Documents, Guarantor Documents and the Authority Documents, and all official public records and documents) submitted to us for review or obtained by us for review that is an original is authentic, each such document that is a copy or draft conforms to an authentic original, and all signatures on each such document are genuine (other than the signatures of Borrower, Individual Guarantor, PC Three Guarantor and PC Four Guarantor).

(d)   There has not been any mutual mistake of fact or misunderstanding, fraud, duress, or undue influence in connection with the Loan, the Loan Documents, or the Guarantor Documents.

11544824 v6

Case 20-04054 Doc 16 Filed 06/05/20 Entered 06/05/20 10:41:44 Desc Main
Document    Page 8 of 14

**CPIF LENDING, LLC**
September 28, 2018
Page 7

(e) As to any and all matters governed by the UCC, the conduct of the parties to the Loan, the Loan Documents and the Guarantor Documents has complied with any applicable requirement of good faith, fair dealing and conscionability.

(f) The Security Documents have been or will be duly recorded and/or filed in all places necessary (if and to the extent necessary) to give proper notice of, and to perfect, the liens and security interests as provided therein and Lender will timely file any and all necessary UCC continuation statements relating to the Financing Statements.

(g) Lender and any agent acting for Lender in connection with the Loan have acted without notice or knowledge of any defense against the enforcement of any rights created by, or any adverse claim to any property or security interest transferred or created as part of, the Loan, the Loan Documents or the Guarantor Documents.

(h) There are no agreements or understandings among the parties, written or oral, and there is no usage of trade or course of prior dealing or conduct among the parties that would, in either case, define, supplement or qualify the terms of the Loan Documents or the Guarantor Documents.

(i) All parties to the Loan will act in accordance with and will refrain from taking any action that is prohibited by, the terms and conditions of the Loan Documents and Guarantor Documents.

(j) In exercising, after the date of this Opinion Letter, any rights with respect to an assignment of rents under the Loan Documents, Lender will comply with all requirements and provisions of Chapter 64 of the Texas Property Code, including, without limitation, the notice requirements thereunder.

(k) The description of the Collateral is accurate and is sufficient under applicable law (i) to provide notice to third parties of the liens and security interests provided by the Security Documents and (ii) to create an effective contractual obligation under applicable law.

(l) Lender has performed its due diligence in connection with the transaction contemplated by the Transaction Documents in a reasonably prudent manner and has received, reviewed and duly considered all information available or obtained in connection with such due diligence or otherwise. Said due diligence included but was not limited to the following: (1) the search of public records, (2) the performing of background checks on the principals of Borrower and the Guarantors, (3) the visual inspection of the real property described in the Deed of Trust, (4) the examination of all documents and information related to the Real Property and Personal Property including those provided by Borrower, and (5) all other information obtained or possessed by Lender or any agent or attorney for Lender.

11544824 v6

**CPIF LENDING, LLC**
September 28, 2018
Page 8

  (m) Lender and any agent or attorney of Lender has no actual knowledge that any opinion herein is inaccurate.

We have no Actual Knowledge that the foregoing assumptions are materially false, nor of facts that, under the circumstances, would make our reliance on the foregoing assumptions unreasonable. We have relied, with your consent, and without investigation or analysis, upon the information contained in and the representations made by Borrower pursuant to the Loan Documents and Individual Guarantor, PC Three Guarantor and PC Four Guarantor pursuant to the Guarantor Documents.

  3.2 **No Implied Opinions; Excluded Matters**. None of the opinions contained in this Opinion Letter include any implied opinion unless such implied opinion is both (a) essential to the legal conclusion reached by the express opinions specifically set forth in this Opinion Letter and (b) based upon prevailing norms and expectations among lawyers in the State experienced in the subject matter generally covered by this Opinion Letter, reasonable to infer under the circumstances. Moreover, unless expressly and specifically stated in this Opinion Letter to the contrary, the opinions contained in this Opinion Letter do not address nor include any of the Excluded Matters, and we specifically express no opinion with respect thereto.

  3.3 **Bankruptcy and Insolvency Qualification and Exclusion**. The opinions set forth in this Opinion Letter are subject to (a) the effect of applicable laws and rules of bankruptcy, insolvency, reorganization, receivership, moratorium and other similar laws affecting the rights and remedies of creditors or the collection of debtors' obligations generally (including, without limitation, matters of turn-over, automatic stay, avoidance powers, discharge, conversion of non-recourse obligations into recourse obligations, limitations on *ipso facto* and anti-assignment clauses, the coverage of pre-petition security agreements applicable to property acquired after a petition is filed, liquidation, conservatorship, assignments for the benefit of creditors, fraudulent or preferential conveyance, and judicially developed doctrines relevant to any of the foregoing, such as substantive consolidation of entities), and (b) the power of courts to award damages in lieu of granting equitable remedies. We express no opinion with respect to the validity or enforceability of any provisions in the Loan Documents of Guarantor Documents that purport to limit or waive applicable bankruptcy law or a party's rights under applicable bankruptcy law, including, without limitation, the automatic stay pursuant to 11 U.S.C. § 362 or the ability to present a bankruptcy plan or vote in connection with a bankruptcy plan.

  3.4 **Equitable Principles Limitation**. The opinions set forth in this Opinion Letter are subject to the effect of general principles of equity, whether applied by a court of law or court of equity (including, without limitation, the availability of specific performance, self-help remedies, ex-parte remedies or injunctive relief, and the effect of equitable defenses against a party seeking enforcement).

  3.5 **General Remedies Qualification**. Certain remedies, waivers, and other provisions of the Transaction Documents may not be enforceable; nevertheless, subject to the other qualifications set forth in this Opinion Letter, such unenforceability will not render the Transaction Documents invalid as a whole nor preclude Lender's seeking:

**CPIF LENDING, LLC**
September 28, 2018
Page 9

(a) the judicial enforcement of the obligation of Borrower, Individual Guarantor, PC Three Guarantor or PC Four Guarantor (as applicable) to repay the principal, together with interest thereon (to the extent not deemed a penalty), as provided in the Note, subject to Sections 51.003, 51.004 and 51.005 of the Texas Property Code, to the extent such provisions are applicable; and

(b) the acceleration of the obligation of the Borrower, Individual Guarantor, PC Three Guarantor or PC Four Guarantor (as applicable) to repay such principal, together with such interest, upon a default by Borrower in the payment of such principal or interest or upon a material default in any other material provision of Loan Documents or the Guarantor Documents.

3.6    **Other Qualifications**.  The opinion given in Section 2.10 of this Opinion Letter is further limited by the following: the effect of generally applicable rules of Law, including without limitation the laws of the State, that limit or affect the enforceability of provisions for late charges, prepayment charges or yield maintenance charges; acceleration of future amounts due (other than principal), without appropriate discount to present value, liquidated damages, penalties or interest on interest.

3.7    **Limitation of Liability**.  The liability, if any, of Griffith Davison & Shurtleff, P.C. and the Primary Lawyer Group to Lender arising out of or in any manner related to this Opinion Letter shall be limited to the greater of Fifty Thousand and 00/100's Dollars ($50,000) or the actual coverage provided by the malpractice insurance policy or policies insuring Griffith Davison & Shurtleff, P.C. and its attorneys.

**IV.**
**USE OF THIS OPINION**

4.1    **Limited Reliance**.  The opinions expressed in this letter are solely for use by the Lender in connection with the Loan for the purposes specifically contemplated by the Transaction Documents. This Opinion Letter shall not be construed as or deemed to be a guaranty or insuring agreement. The opinions expressed in this Opinion Letter are rendered as of the date of this Opinion Letter and we (1) express no opinion as to circumstances or events that may occur subsequent to such date and (2) assume no obligation to supplement this Opinion Letter or any opinion contained herein if (A) any applicable laws change after the date of this Opinion Letter or (B) we become aware of any facts or circumstances occurring after the date of this Opinion Letter, in either case that might change this Opinion Letter or any opinion contained herein.

11544824 v6

**CPIF LENDING, LLC**
September 28, 2018
Page 10

Very truly yours,

**GRIFFITH DAVISON & SHURTLEFF, P.C.**

By: _____
Kimberly A. Davison, Vice President

11544824 v6

## Exhibit A

## Defined Terms

As used in the Opinion Letter to which this Exhibit A is attached, except as otherwise expressly and specifically stated in such Opinion Letter to the contrary, the following terms (whether used in the singular or the plural) have the meanings indicated:

Actual Knowledge: the words "or knowledge or "known to us" signify that, in the course of our representation of the Borrower, Individual Guarantor, PC Three Guarantor or PC Four Guarantor with respect to the Loan, no information with respect to statements in such Opinion Letter has come to the actual, current conscious awareness of the Primary Lawyer or the Primary Lawyer Group in connection with the Loan that would lead such attorney to conclude that such statements are untrue on the date of the Opinion Letter.  Such phrases are not intended to suggest that there are attorneys or any employee with our Firm who do indeed know all facts or circumstances necessary to establish that such matters are true.  We have not made any examination of our files, or the files of Borrower, Individual Guarantor, PC Three Guarantor and PC Four Guarantor, any person or a general canvass of our attorneys or employees of the Firm, to determine the existence or absence of such facts.  The recipient of the Opinion Letter acknowledges that such recipient has reviewed this qualification and concurs with the qualification.

Collateral:  collectively or individually, all Real Property described in the Security Documents and all Personal Property described in the Security Documents, in respect of which provision is expressly made by the Security Documents for a lien or security interest.

Excluded Matters:  (a) Federal securities laws and regulations administered by the Securities and Exchange Commission, state "Blue Sky" laws and regulations, and laws and regulations relating to commodity (and other) futures and indices and other similar instruments; (b) Federal Reserve Board margin regulations; (c) pension and employee benefit laws and regulations (*e.g.*, ERISA); (d) Federal and state antitrust and unfair competition laws and regulations; (e) Federal and state laws and regulations concerning filing and notice requirements (*e.g.*, Hart-Scott-Rodino and Exon-Florio); (f) compliance with Dodd-Frank Wall Street Reform and Consumer Protection Act, 78 Fed. Reg. 62165 (Oct. 11, 2013), Basel III or other capital regimes implemented by the Office of the Comptroller of the Currency, the Board of Governors of the Federal Reserve System, or the Federal Deposit Insurance Corporation, (g) compliance with fiduciary duty requirements; (h) compliance with Dodd-Frank Wall Street Reform and Consumer Protection Act, 78 Fed. Reg. 62165 (Oct. 11, 2013), Basel III or other capital regimes implemented by the Office of the Comptroller of the Currency, the Board of Governors of the Federal Reserve System, or the Federal Deposit Insurance Corporation, ; (i) matters of Local Law; (j) provisions contained in the Loan Documents or any other document or certificate executed in connection with the Loan (i) allowing any Lender to accelerate the maturity of the Notes, to institute foreclosure proceedings, or to exercise any similar right without delivery of written notice to the signatory thereto or to each person or entity bound thereby, as applicable, (ii) restricting access to legal or equitable remedies, (iii) purporting to waive or restrict any right available under or notices required by Law, (iv) imposing a covenant to take actions, the taking of which are discretionary with or

11544824 v6

subject to the approval of a third party or which are otherwise subject to a contingency, the fulfillment of which is not within the control of the parties so covenanting, (v) relating to delay or omission of the enforcement of remedies, (vi) entitling any party to the appointment of a receiver, to the extent not permitted by Law, (vii) purporting to avoid the doctrine of a mortgagee in possession, (viii) purporting to establish as to third parties non-culpability for actions taken by a lienholder, (ix) purporting to apply subsequently enacted laws, (x) for recovery of attorney's fees in excess of an amount reasonable under the circumstances, (xi) the exercise of certain powers of entry or possession without opportunity of a hearing and judicial review, (xii) purporting to secure indebtedness or obligations not currently contemplated by the parties to the Loan, (xiii) granting Lender a power of attorney, (xiv) submitting the parties to the jurisdiction of a particular state other than the State, (xv) waiving trial by jury, and (xvi) indemnifying a party against its own negligence, unless done in strict accordance with the express negligence rule in the State; (k) the value of the Collateral or the financial ability of Borrower, Individual Guarantor, PC Three Guarantor or PC Four Guarantor to satisfy its payment obligations under the Loan Documents or the Guarantor Documents, respectively; (l) title to Collateral or the accuracy of its description or, except as otherwise expressly provided in this Opinion Letter, the sufficiency of the description of the Collateral to provide notice to third parties of the lien or security interest provided for in the Security Documents; (m) except as otherwise provided in this Opinion Letter, the perfection or priority of any lien on Real Property Collateral or any security interest in Personal Property Collateral; (n) the enforcement of a security interest in Personal Property Collateral separately from enforcement of the lien on Real Property Collateral, as contemplated by § 9.604 of the UCC; (o) Federal and state environmental rules, laws and regulations; (p) Federal and state land use and subdivision rules, laws and regulations; (q) Federal and state tax laws and regulations; (r) Federal patent, copyright and trademark, state trademark, and other Federal and state intellectual property laws and regulations; (s) Federal and state racketeering laws and regulations (*e.g.*, RICO); (t) Federal and state health and safety laws and regulations (*e.g.*, OSHA); (s) Federal and state labor laws and regulations; (u) Federal and state laws, regulations and policies concerning (i) matters of national and local emergency, (ii) possible judicial deference to acts of sovereign states, and (iii) criminal and civil forfeiture laws; (v) the accuracy or completeness of any financial, accounting or statistical information furnished to Lender or to any other party in connection with the Borrower, Individual Guarantor, PC Three Guarantor or PC Four Guarantor; (w) other Federal and state statutes of general application to the extent they provide for criminal prosecution (*e.g.*, mail fraud and wire fraud statutes); (x) claims, rights or actions of any third parties, Federal or State agencies, against the Collateral, Borrower or Guarantor arising out of or relating to in any way Borrower or Guarantor's relationship to or with Bobby Eugene Guess or any matter disclosed to Lender during its due diligence related to the Loan.

Law:  the statutes, the administrative decisions, and the rules and regulations of the State and the governmental agencies of the State, including the Local Law of the State (but subject to any limitations on coverage of Local Law set forth in the Opinion Letter to which this Exhibit A is attached), and the judicial interpretation of and decisions regarding any of the foregoing.

Local Law:  the statutes and ordinances, the administrative decisions, and the rules, ordinances, orders, codes and regulations of counties, towns, municipalities and special political subdivisions (whether created or enabled through legislative action at the Federal, state or regional level -- *e.g.*, water agencies, joint power districts), and judicial interpretation of and decisions regarding any of the foregoing.

11544824 v6

Personal Property:  property or rights and interests in property treated under Law as personalty or otherwise not as Real Property.

Primary Lawyer:  (a) the lawyer in the opinion giver's organization who signs the Opinion Letter; (b) any lawyer in the opinion giver's organization who has active involvement in negotiating the Loan, preparing the Guarantor Documents or preparing the Opinion Letter; and (c) solely as to information relevant to a particular opinion issue or confirmation regarding a particular factual matter (*e.g.*, pending or threatened legal proceedings), any lawyer in the opinion giver's organization who is primarily responsible for providing the response concerning that particular opinion issue or confirmation.

Primary Lawyer Group:  all of the Primary Lawyers when there are more than one.

Real Property:  property or rights and interests in property treated under Law as real property, including fixtures.

UCC:  The Uniform Commercial Code as in effect in the State, as of the date hereof.